**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 3 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JOEL ALCOX,<br><br>        Plaintiff-Appellee,<br><br> v.<br><br>CITY OF LOMPOC; et al.,<br><br>        Defendants,<br><br> and<br><br>KENNETH AST,<br><br>        Defendant-Appellant. | No.   19-56488<br><br>D.C. No.<br>5:17-cv-00507-JVS-JEM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted January 13, 2021
Pasadena, California

Before: FRIEDLAND and BENNETT, Circuit Judges, and EZRA,** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

Kenneth Ast appeals from the district court's denial of summary judgment on Joel Alcox's deprivation-of-liberty and conspiracy claims brought under 42 U.S.C. § 1983. Because the parties are familiar with the facts of the case, we do not recount them here, except as necessary to provide context to our ruling on the specific issues we address. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

1. In 1987, Alcox was convicted of the felony murder of Thakorbhai Patel. In March 2008, Alcox filed a habeas corpus petition in the district court, alleging, among other things, that his trial counsel was ineffective. The district court found Alcox's trial counsel ineffective, issued a conditional writ, and the state chose not to retry Alcox.

Alcox then brought suit under 42 U.S.C. § 1983 against the investigators who conducted the criminal investigation that led to his conviction—Lompoc Police Department Sergeant Harry Heidt[1] and County District Attorney's Office investigator Kenneth Ast—alleging that they fabricated evidence. In concluding that Heidt and Ast were not entitled to summary judgment based on qualified immunity on Alcox's deprivation-of-liberty claim, the district court held that

> [v]iewing the evidence in the light most favorable to Alcox
> and drawing all reasonable inferences in his favor, . . . a
> reasonable jury could find that Ast and Heidt showing

---

[1] Heidt's appeal has been dismissed.

2

[Caroline] Gonzales[2] a photo of Alcox, and/or suggesting to her that the person she spoke with was Joel and not "John" Alcox, could have been so "impermissibly suggestive" as to violate Alcox's due process rights.

The court also concluded that "[t]here is a genuine dispute of fact as to whether the techniques Ast and Heidt used during their conversation with Gonzales were so coercive and abusive that they knew or should have known that those techniques would yield false information." The court thus held that Ast and Heidt were not entitled to qualified immunity because a combination of the above factors could establish a violation of *Simmons v. United States*, 390 U.S. 377 (1968).

We review the denial of Ast's qualified immunity summary judgment motion de novo. *Wilkins v. City of Oakland*, 350 F.3d 949, 954 (9th Cir. 2003). "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (quotation marks and citation omitted). "Because the focus is on whether the officer had fair notice that h[is] conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). The

---

[2] Caroline Gonzales was a then fourteen-year-old witness that the government relied on in their case against Alcox. In 2006, she wrote a statement recanting her testimony from the 1987 trial, and claimed that she was subject to impermissibly suggestive interrogation practices, including being shown a photograph of Alcox and being pressured to identify him as the killer.

Supreme Court's jurisprudence "does not require a case directly on point for a right to be clearly established," however, "existing precedent must have placed the statutory or constitutional question beyond debate." *White*, 137 S. Ct. at 551 (quotation marks, alteration and citation omitted).

Under the two prongs of the qualified immunity analysis, we ask: (1) whether the facts, viewed in the light most favorable to the plaintiff, show that the officer violated a constitutional right; and (2) whether that right was "clearly established" at the time of the alleged violation. *Orn v. City of Tacoma*, 949 F.3d 1167, 1174 (9th Cir. 2020). We may resolve this appeal at either step of the analysis. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

We have held that "there is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Devereaux v. Abbey*, 263 F.3d 1070, 1074–75 (9th Cir. 2001) (en banc). To succeed on a deliberate-fabrication-of-evidence claim, Alcox must first point to evidence he contends was deliberately fabricated, he must then show that the state official intended to fabricate the evidence, and he must also show that the deliberate fabrication caused the deprivation of his liberty. *See Bradford v. Scherschligt*, 803 F.3d 382, 386 (9th Cir. 2015); *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017). To establish the requisite intent, Alcox must:

> *at a minimum*, point to evidence that supports at least one of the following two propositions: (1) [Ast] continued [his] investigation of [Alcox] despite the fact that [he] knew or should have known that [Alcox] was innocent; or (2) [Ast] used investigative techniques that were so coercive and abusive that [he] knew or should have known that those techniques would yield false information.

*Devereaux*, 263 F.3d at 1076.

The record contains no evidence of any fabrication. There is no evidence that Ast or Heidt showed Gonzales any photograph. Indeed, in her 2019 deposition, Gonzales testified that a *female prosecutor* showed her a photograph. And there is nothing in the record supporting that Ast and Heidt's (recorded) interview of Gonzales was coercive. Ast was thus entitled to summary judgment as to the interview of Gonzales, as he did not violate Alcox's constitutional rights.[3] Alcox has not clearly articulated any other basis for Ast's liability under section 1983.

2. We also reverse the district court's holding that Ast was not entitled to summary judgment on Alcox's conspiracy claim. "Conspiracy is not itself a

---

[3] *Simmons*, cited by the district court, is inapplicable here. First, there were no improper identification techniques used by Ast or Heidt. And second, *Simmons* established no rule as to what types of identification techniques violate constitutional rights, other than at a very high level of generality:

> [W]e hold that each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.

390 U.S. at 384.

constitutional tort under § 1983." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 935 (9th Cir. 2012). Conspiracy "does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation." *Id.* Because Alcox's conspiracy claim is predicated on the alleged substantive § 1983 violations, and because Ast is entitled to qualified immunity on those claims, Alcox's conspiracy claim necessarily fails as well.

**REVERSED.**